UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENRIQUE CASTILLO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, et al.,<br><br>Respondents. | Case No. 2:26-cv-02810-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Before the Court is Petitioner Enrique Castillo Rodriguez's petition for writ of habeas corpus. Dkt. 1. Petitioner, a citizen of Mexico, is currently detained pending removal proceedings at the Northwest ICE Processing Center in Tacoma, Washington. *See* Dkt. 1-2 ¶¶ 1, 17. Before ICE arrested him in May, Petitioner had been released on bond, attended his immigration court proceedings, worked a steady job maintaining a golf course, and took care of his U.S.-citizen children. *See id.* ¶¶ 7–14. Petitioner argues that his re-detention without notice or a hearing violates his right to procedural due process. Dkt. 1 at 19. He seeks an order requiring his immediate release from Respondents' custody and injunctive relief requiring notice and an opportunity to be heard before he is re-detained. *Id.* at 19–20. Because Petitioner's case is indistinguishable from the countless cases in which courts in this District have held that the

government's re-detention practices violate the Constitution's due process clause, the Court GRANTS his petition.

## II. BACKGROUND

Petitioner Enrique Castillo Rodriguez first entered the United States in 2003. Dkt. 1-2 ¶ 2. Since then, he has lived here continuously other than visiting his mother in Mexico in November 2006. *Id*. After that visit, he was apprehended several times by Border Patrol agents as he attempted to re-enter this country. *Id*. Each time, he voluntarily returned to Mexico. *Id*. In early 2007, he re-entered without inspection. *Id*. Since 2007, Petitioner has worked in various jobs as a cook and landscaper. *Id*. ¶ 4. He has a father, three children, and two stepchildren who are all U.S. citizens. Dkt. 1 ¶ 41, 42. His criminal history includes four misdemeanors: in 2006, assault in the fourth degree; in 2015, driving without a valid license; in 2016, criminal solicitation; and in 2021, reckless driving. *Id*. ¶ 43; Dkt. 6 at ¶ 14.

In October 2017, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents and placed in removal proceedings. Dkt. 1-2 ¶ 7. Petitioner hired a lawyer and applied for cancellation of removal. Dkt. 1 ¶ 44. One month later, an Immigration Judge ("IJ") granted him release on a $10,000 bond. *Id*. Petitioner successfully applied for a work permit, which has been renewed until 2030, and attended hearings in immigration court. Dkt. 1 ¶ 46, 47. In 2022, an IJ denied his application for cancellation of removal. Dkt. 1-2 ¶ 10. Petitioner appealed to the Board of Immigration Appeals ("BIA"). *Id*. In his reply brief, Petitioner's counsel states that they received notice on the day the reply was due that the BIA had dismissed his appeal; however, he intends to seek judicial review of that decision and his removal order is not yet final. Dkt. 7 at 6 n.3.

More than eight years after he was granted bond, on May 29, 2026, ICE arrested Petitioner when he arrived at his job. *Id*. ¶ 15. They threw him to the ground, handcuffed him,

and walked him to their car, disregarding his offer to show them his work permit. *Id*. He was transferred to the Northwest ICE Processing Center in Tacoma where he has remained detained for over three months. *Id*. ¶ 17. He is diabetic and feels his health is worsening under confinement. *Id*. ¶ 21.

Petitioner filed this petition for a writ of habeas corpus on August 7, 2026. Dkt. 1. Respondents filed their response on August 24. Dkt. 4. Petitioner filed his reply on August 31, Dkt. 7, and the matter is ready for review.

## III. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

### A. The violation of Petitioner's due process rights requires his release.

Petitioner seeks his immediate release, arguing that his re-detention without notice or a hearing violates his right to procedural due process. Dkt. 1 ¶¶ 53–56. In support of his petition, Petitioner analyzes his circumstances through the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), and discusses numerous cases from this district and elsewhere that have granted release to similarly situated petitioners. *Id*. ¶ 4; *see, e.g., E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *2–3 (W.D. Wash. Sept. 17. 2025).

The principles of *Mathews* and procedural due process as applied to noncitizens living in the community under bonds or orders of supervision have been repeatedly established by the courts of this District. This Court will not retread that ground in each individual case, such as this one, that arises from Respondents' repeated, ongoing detention of noncitizens in violation of those principles. *See, e.g.*, *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *7 (W.D. Wash. May 18, 2026) ("Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard, despite the voluminous caselaw in this district repeatedly declaring such arrests unlawful."); *Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) ("Respondents have been on notice in this District since at least August 19, 2025" yet "continue[] to re-detain petitioners in this District without due process"). Instead, the Court will focus on whether anything in the record here distinguishes this petition from this District's body of cases on procedural due process.

The gist of Respondents' argument is that Petitioner's recent arrest was the result of a process in which the "facts in this case were . . . carefully considered by multiple officers examining individualized records." Dkt. 4 at 7. Respondents contend "[d]ue process does not require advance process where the government must act promptly based on materially changed circumstances" and claim that Petitioner's 2021 misdemeanor conviction for reckless driving prompted his arrest because it "directly bears on public safety." *Id.* The Court rejects this argument.

First, Respondents ignore that more than five years elapsed between Petitioner's 2021 conviction for reckless driving and his 2026 arrest. This delay is hardly a prompt response due to changed circumstances and belies Respondent's reliance on "public safety" as a rationale for arresting Petitioner. *See K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 WL 962609, at *8

(W.D. Wash. Apr. 9, 2026) (rejecting argument that criminal conviction "urgently required arrest" when DHS waited six years to detain petitioner, who continued reporting to DHS and attending immigration court). In addition, nothing in the documents submitted by Respondents supports their claim that Petitioner was only re-detained after ICE officers "carefully considered" the facts of his case or "examin[ed] individualized records." Dkt. 4 at 7. The I-213 documenting his arrest states only that ICE Enforcement and Removal Operations identified Petitioner as a target on May 28, 2026 and arrested him on May 29—citing primarily criminal charges that had been dismissed. *See* Dkt. 5-3 at 3–4. This is precisely the type of scenario where additional procedures would allow a noncitizen to demonstrate their continued lack of danger or flight risk, providing critical safeguards against unlawful and unnecessary detention. *See, e.g.*, *Lima Gamez*, 2026 WL 1382362, at *6.

The Court concludes that the circumstances here of Petitioner's arrest are largely indistinguishable from the many due process cases decided in this District that have ordered release. *See, e.g.*, *Lima Gamez*, 2026 WL 1382362, at *6; *K.G.M.Q.*, 2026 WL 962609, at *12. The government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process. The Court therefore GRANTS the habeas petition and ORDERS Respondents to release Petitioner within 24 hours of this order, subject to the conditions of his prior bond.

**B. Injunctive Relief**

Petitioner also seeks injunctive relief in the form of an order prohibiting Respondents from "re-detaining or placing any electronic GPS monitoring device on Petitioner during the pendency of his removal proceedings absent written notice and a hearing before a neutral decisionmaker where Respondents must prove by clear and convincing evidence that Petitioner

is a flight risk or danger to the community and that no alternative conditions would mitigate those risks." Dkt. 1 at 20. Respondents counter that any such request is speculative. Dkt. 4 at 9.

A petitioner "seeking a permanent injunction . . . must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Petitioner has suffered irreparable injuries—his unlawful re-detention and violation of his due process rights, the deterioration of his health and the suffering of his family while he has been detained— where monetary damages are unavailable or inadequate to compensate him. *Saadhom v. Bondi*, No. 2:26-CV-00425-TL, 2026 WL 698786, at *6 (W.D. Wash. Mar. 12, 2026) (*citing Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). The balance of hardships leans in favor of Petitioner, "as the injunction requires only that Respondents comply with the Constitution before re-detaining him." *Saley*, 2026 WL 914810, at *5. Lastly, "the public interest is served by an order prohibiting Respondents from violating the Due Process Clause." *Id*.

Petitioner has satisfied the requirements for a permanent injunction. As Judge Tsuchida observed in *Lima Gamez*, Respondents have demonstrated an intent to continue their practices no matter how many federal district courts conclude that those practices violate the law. *See* 2026 WL 1382362, at *7. Petitioner thus faces an ongoing likelihood of irreparable harm. Absent circumstances urgently requiring arrest, the Court prohibits Respondents from re-detaining Petitioner as described below. *See Guillermo M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D.

Cal. 2025) ("There may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate.").

## V. CONCLUSION

For the reasons explained above, the Court orders the following:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within 24 hours of this Order, Respondents must RELEASE Petitioner Enrique Castillo Rodriguez subject to the terms of his previous bond.

3. Respondents shall file a status report confirming Petitioner's release no later than September 5, 2026.

4. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5. Absent circumstances urgently requiring arrest or an administratively final order of removal, Respondents are ENJOINED from re-detaining or placing any electronic GPS monitoring device on Petitioner Enrique Castillo Rodriguez during the pendency of his removal proceedings absent written notice and a hearing before a neutral decisionmaker.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412 and the parties are encouraged to confer before filing a petition.

Dated this 3rd day of September, 2026.

Tiffany M. Cartwright
United States District Judge